IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-48-WYD-PAC

SABRINA MATHIS,

    Plaintiff,

v.

KING SOOPERS, INCORPORATED,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Rule to Show Cause Response (# 78), filed March 13, 2006.  On March 7, 2006, the Court ordered Plaintiff to show cause in writing by Tuesday, March 14, 2006, why the Court should not impose sanctions for her failure to comply with the Court's Minute Order of January 31, 2006.  In Plaintiff's Response, she states that she has not obtained new counsel and asks that the Court appoint counsel on her behalf.  She states that "plaintiff's financial obligations to previous counsel, coupled with the financial ramifications brought on by the nature of the litigation, compromises any prospect of immediate resolution."  She also asks that the Court not sanction her for her non-compliance with the Court's Order "due to her diminished financial state."

In an employment case, a plaintiff has no constitutional or statutory right to appointed counsel.  *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).  The Court may, however, in its discretion, appoint counsel for plaintiff in an employment discrimination case.  *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).  At this

-2-

time, I find that it is appropriate to direct that the Clerk of the United States District Court for the District of Colorado attempt to obtain volunteer counsel willing to assist or represent Plaintiff in this case. Based on the foregoing, it is

ORDERED that the Order to Show Cause is **DISCHARGED**. It is

FURTHER ORDERED that the Clerk of the United States District Court for the District of Colorado shall attempt to obtain volunteer counsel willing to assist or represent Plaintiff in this case.

Dated: March 21, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge